UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ROBERT EMMETT HUEN** | **CIVIL ACTION NO. 25-1195-P** |
| **VERSUS** | **JUDGE HICKS** |
| **LOUISIANA DEPARTMENT OF JUSTICE** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Robert Emmett Huen, ("Petitioner"), pursuant to 28 U.S.C. §2241. This petition was filed in this court on August 18, 2025. Petitioner, a pretrial detainee, is detained in the Caddo Correctional Center in Shreveport, Louisiana. He challenges his arrest, pretrial proceedings, and detention. Petitioner names the Louisiana Department of Justice as respondent.

Petitioner states that he is charged with failure to register as a sex offender in the Louisiana First Judicial District Court, Parish of Caddo. He states that he was convicted of simple rape and sentenced to 15 years imprisonment on October 10, 1989 in the Louisiana Thirty-Second Judicial District Court. He states that he was released from confinement on parole on August 23, 1996 and registered as a sex offender. He states that

on January 5, 2004 he fulfilled his 15 year sentence for simple rape and on August 23, 2006 he fulfilled his 10 year requirement to register as a sex offender.

In support of this petition, Petitioner alleges (1) his ten year duty to register as a sex offender was fulfilled on August 23, 2006 pursuant to La. R.S. 15:544 because he was released from confinement on August 23, 1996, (2) he is exempt from La. Act 460 of 2007 which amended the duty to register from ten years to fifteen years because he fulfilled his duty to register prior to the January 1, 2008 enactment and applying the amendment to him would violate the ex post facto clause and double jeopardy clause, (3) the law was amended in 2015 when he had no duty to register as a sex offender to state that simple rape was an aggravated sex offense which enhanced the 15 year duty to register to life and applying the amended law to him violated the ex post facto clause and double jeopardy clause, and (4) he is not a multiple offender of sex offenses, not a stalker, and his victim was not a minor.

In Petitioner's amended petition, he states that he is not challenging his current arrest and prosecution even though he argues that it is illegal.  He states that he is instead challenging that he is on the active list of sex offenders who must register under a valid Louisiana state statute.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  However, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a

petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

Eligibility to proceed under Section 2241 depends upon the fulfillment of two prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek habeas relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).

Furthermore, pretrial habeas relief is not a tool which can be used to derail or interfere with a state's criminal process. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 442 (1973). Absent exceptional circumstances, this court is not authorized to interfere with state trial court proceedings. Braden, supra.

Petitioner has failed to provide documentation that he has exhausted available state remedies regarding his current detention and criminal trial proceedings prior to filing his petition in this court. To demonstrate exhaustion, Petitioner provides a ruling granting his motion to quash by District Judge Brady Denis O'Callaghan of Louisiana First Judicial District Court dated June 22, 2018. Judge O'Callaghan found that Petitioner's registration

requirement was satisfied at the conclusion of ten years in 2006, prior to the change in the law and under State v. Clark, 117 So.3d 1246 (La. 5/7/13). [Doc. 8, p. 10]. Petitioner has not alleged or provided this court with documentation that he pursued his claims regarding his current detention and criminal trial proceedings at all levels of the state courts. This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 17th day of November 2025.

                                                        Mark L. Hornsby
                                                        U.S. Magistrate Judge